**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-60658
Summary Calendar

BETTY L. VAUGHANS,

Plaintiff-Appellant,

versus

DELTA HEALTH GROUP, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi

(1:97-CV-598-GR)

April 28, 1999

Before WISDOM, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

The plaintiff-appellant, Betty L. Vaughans, filed suit against her former employer, Delta Health Group, Inc., alleging unlawful race discrimination in violation of Title VII of the Civil Rights Act of 1964. Specifically, Vaughans alleged that Delta terminated her from her position as Director of Nursing at the Chateau Deville Nursing Home in Moss Point, Mississippi, because she was black. The district court granted summary judgment in Delta's favor, finding that Vaughans (1) had failed to file a charge of discrimination with the EEOC within 180 days as required by 42 U.S.C. § 2000e-5(e), and (2) was not entitled to any equitable tolling of the 180-day limitations period. Vaughans now appeals the district court's determinations. We affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except in the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review *de novo* the district court's grant of summary judgment in favor of Delta.[2] As a prerequisite to bringing an action under Title VII, an aggrieved party must file a charge of discrimination with the EEOC within 180-days after the alleged unlawful employment practice occurred.[3] A charge is timely filed if it is "*received* by the [EEOC] within 180 days from the date of the alleged violation."[4] In the instant case, the EEOC received Vaughans charge of discrimination 182 days after Vaughans was allegedly forced to resign as Director of Nursing. Although Vaughans deposited her charge of discrimination in the mail on the 180th day, "mailing is not filing for purposes of Title VII."[5] Because Vaughans did not timely file her charge of discrimination, summary judgment was proper.[6]

Vaughans's argument that Title VII's 180-day requirement should have been equitably tolled by the district court is without merit. While the 180-day period may be equitably tolled, the plaintiff "has the burden of demonstrating a factual basis to toll the period."[7] We have previously identified the following grounds which could justify a claim of equitable tolling: (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's ignorance of facts giving rise to a claim due to defendant's concealment; and (3) the EEOC's misleading of the plaintiff about the nature of her rights.[8] Vaughans submits that she was prevented from mailing her charge because of a federal holiday coupled with a subsequent weekend. She also contends that having to drive to Mississippi's only EEOC office, which was located a three-hour automobile drive from

---

[2] *Douglass v. United Services Automobile Ass'n*, 65 F.3d 452, 458 (5th Cir. 1995).

[3] 42 U.S.C. § 2000e-5(e)(1).

[4] 29 C.F.R. § 1601.13(a)(1) (emphasis added).

[5] *Taylor v. General Telephone Co.*, 759 F.2d 437, 442 (5th Cir. 1985).

[6] *See Barrow v. New Orleans Steamship Ass'n*, 932 F.2d 473, 476-77 (5th Cir. 1991) ("If an EEOC charge is untimely filed, a suit based upon the untimely charge should be dismissed.").

[7] *Blumberg v. HCA Management. Co.*, 848 F.2d 642, 644 (5th Cir. 1988).

[8] *Id.*

her residence, would have constituted an "undue hardship". These reasons fail to demonstrate a sufficient factual basis to toll the 180-day period.[9] Moreover, Vaughans, who had a charge prepared by the EEOC in her possession several months before the 180-day deadline, and had this charge notarized over a week before the 180-day deadline, offers no explanation for her decision to mail the charge on the 180th day. Vaughans's lack of diligence precludes her invocation of equitable principles.[10] The district court therefore correctly determined that equitable tolling in the instant case was not appropriate.

AFFIRMED.

---

[9]    *See id.*

[10]    *See Rhodes v. Guiberson Oil Tools Division*, 927 F.2d 876, 882 (5th Cir. 1991) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").